# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARVIN C. ARNOLD,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-3330-13-0066-B-1

DATE: September 26, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Marvin C. Arnold, Spring Lake, North Carolina, pro se.

Tracy A. Allred, APO/AE Europe, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective relief under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant, a GS-12 in the agency's Family Advocacy Office, filed an appeal under the VEOA alleging that the agency violated his veterans' preference rights by failing to accord him veterans' preference in a competition for promotion. MSPB Docket No. DC-3330-13-0066-I-1, Initial Appeal File (IAF), Tab 1. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had not met the jurisdictional requirement that he exhaust his administrative remedies with the Department of Labor (DOL). IAF, Tab 7, Initial Decision. On petition for review, the appellant established that he had exhausted his administrative remedies with regard to his nonselection under Vacancy Announcement AP-2013-0003-VPH. MSPB Docket No. DC-3330-13-0066-I-1, Petition for Review (PFR) File, Tab 1. The Board found that the appellant had established jurisdiction and remanded the appeal for further adjudication, including a determination of "to which job posting the exhaustion letter applies." PFR File, Tab 7.

¶3      On remand, the administrative judge found that the exhaustion letter applied to Vacancy Announcement EUJJ12726235689646R (689646) based on the

agency's identifying the vacancy at issue and the appellant's confirmation. MSPB Docket No. DC-3330-13-0066-B-1, Remand Appeal File (RAF), Tab 8, Remand Initial Decision (RID) at 1-2. She also found that the vacancy at issue was a merit promotion announcement, and as such, the appellant was not entitled to veterans' preference points in the selection process. RID at 3. Thus, she found that the appellant failed to show that his rights to veterans' preference were violated when he was not selected for the vacancy that he identified. RID at 4.

¶4        In his petition for review, the appellant suggests that the administrative judge may have erred in finding that the vacancy at issue in this appeal was 689646. MSPB Docket No. DC-3330-13-0066-B-1, Remand Petition for Review File, Tab 1. He suggests that the vacancy may have been 651668. As explained below, we find that the appellant's assertion does not rise to a nonfrivolous allegation of fact, and careful examination of the record, including the agency's evidence, establishes that Vacancy Announcement 689646 was the subject of DOL's letter to the appellant indicating that he had exhausted his administrative procedures. *Cf. Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate nonfrivolous factual allegation, the Board may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive).

¶5        Below, the agency indicated that the appellant had applied for positions under two Vacancy Announcements, identified as 689646 and 651668. RAF, Tab 7. The agency stated that the appellant filed complaints with DOL regarding both vacancies and that DOL dismissed the complaint regarding Vacancy Announcement 651668 as untimely filed. *Id*. The agency references a submission in another Board appeal filed by the appellant, *Arnold v. Department of the Army*, MSPB Docket No. DC-3330-13-0139-I-1, as establishing that DOL dismissed the appellant's complaint regarding Vacancy Announcement 651668 as

untimely, and thus DOL's letter finding that the appellant exhausted his administrative procedures must apply to Vacancy Announcement 689646.

¶6 The agency failed to submit into the record in this appeal the submission that it references. However, the Board has held that it is within the scope of its authority to take official notice of the evidence in an appellant's prior appeal. *See McNeel v. Office of Personnel Management*, 113 M.S.P.R. 356, ¶ 7 n.1. (2010); *see also Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 454 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). We have reviewed the submission that the agency references. Included with that submission is a letter to the appellant from DOL informing him that his complaint was untimely filed. MSPB Docket No. DC-3330-13-0139-I-1, IAF, Tab 3. Also included is a copy of an email from DOL to the agency about the appellant's untimely complaint regarded Vacancy Announcement 651668. *Id*; *cf. Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 19 (2012) (the appellant's request for corrective action under VEOA must be denied because he failed to meet the time limit for filing a complaint with the Secretary of Labor under 5 U.S.C. § 3330a(a)(2)(A)). The email also establishes that Vacancy Announcement AP-2013-0003-VPH, the vacancy announcement referenced in the letter to the appellant from DOL upon which the Board based its finding that the appellant established jurisdiction over his appeal, and Vacancy Announcement 689646 are the same announcement. We find that the administrative judge properly found that his appeal involved Vacancy Announcement 689646.

¶7 The appellant also asserts on petition for review, as he did below, that the agency violated his rights as a veteran in failing to select him for the GS-13 Supervisory Social Worker position in Vacancy Announcement 689646. Preference eligibles and other specified veterans are guaranteed the right to compete under merit promotion procedures. *See Brandt v. Department of the Air Force*, 103 M.S.P.R. 671, ¶¶ 9-15 (2006). However, unlike in the competitive examination process, preference-eligible veterans such as the appellant are not

entitled to any point preferences in the merit promotion process. *See Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, 51 (2005). Here, the appellant was clearly allowed to compete for the position at issue, and his name was among those forwarded to the selecting official for consideration. RAF, Tab 7 at 16 of 19. We therefore find that the administrative judge properly found that the agency did not violate the appellant's veterans' preference rights in the selection process under Vacancy Announcement 689646.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                        William D. Spencer
                        Clerk of the Board

Washington, D.C.